UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Eric Cornelius Knight,

        Petitioner,

vs.                                        Case No.  5:09-cv-533-Oc-29DNF

Sec., Dep't of Corrections,

        Respondent.
_____

**ORDER OF DISMISSAL WITH PREJUDICE**

**I. Background**

Petitioner Eric Cornelius Knight ("Petitioner" or "Knight") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on November 30, 2009.[1]  The Petition challenges Knight's revocation of

---

[1] The Petition was filed in this Court on December 2, 2009, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. <u>Id.</u>  If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).  Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." <u>Thompson v. State</u>, 761 So. 2d 324, 326 (Fla. 2000).

                                                                             (continued...)

probation in case number 2005-CF-165 entered in Lake County, Florida for which he was sentenced to 12 years imprisonment. Petition at 1.² The Petitioner asserts nine grounds alleging ineffective assistance of counsel, and one ground of cumulative error. See generally id.

Respondent filed a Response (Doc. #10, Response) to the Petition with supporting exhibits (Doc. #11, Exhs. A-E) consisting of post-conviction records. Respondent seeks dismissal of the Petition on the grounds that the Petition is time-barred under 28 U.S.C. § 2244(d). Response at 4. Knight filed a Reply (Doc. #12, Reply). Knight submits that he is entitled to equitable tolling. See generally Reply.

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby,

---

¹(...continued)

²Petitioner "would like it stated as a matter of record that he's challenging the revocation of his probation in both cases, being as they were concurrent sentences." Reply at 1. It appears that case numbers 2004-CF-1687 and 2005-CF-165 were "made current and the 2005-CF-165 case number was the controlling case." Id.

339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). As discussed hereafter, the Court finds the Petition is untimely and must be dismissed.

## II. Procedural History

### A. Conviction

Knight was charged in case number 2005-CF-165 by Information with one count of possession of cocaine with intent to sell or deliver within 1000 feet of a place of worship, one count of cannabis, 20 grams or less, and one count of paraphernalia. Exh. A-145. On June 6, 2005, Knight entered into a negotiated plea agreement, and was sentenced to 12 years of incarceration, suspended upon successful completion of 7 years probation. Id. Petitioner did not pursue a direct appeal.

### B. Violation of Probation

On April 27, 2006, after a hearing, Knight's probation was revoked and the trial court sentenced Knight to 12 years in prison. Knight filed a direct appeal, and the State filed a response. Exhs. B-1, B-16. On April 27, 2007, the appellate court affirmed Petitioner's revocation of probation and sentence on direct appeal. B-25; Knight v. State, 954 So. 2d 1266 (Fla. 5th DCA 2007).[3]

---

[3] The appellate court remanded for correction of a scrivener's error. Knight v. State, 954 So. 2d at 1267.

### C.     Post-Conviction Motions

On August 21, 2008, Knight filed a *pro se* motion pursuant to Florida Rule of Criminal Procedure 3.850.  Exh. C-1 (the "first Rule 3.850 motion).  The post-conviction court denied the first Rule 3.850 motion, without prejudice, as legally insufficient. Exh. C-28.  On October 2, 2008, Knight filed a second motion pursuant to Florida Rule of Criminal Procedure 3.850.  Exh. C-30 (the "second Rule 3.850 motion").  The post-conviction court struck the second  Rule 3.850 motion as facially insufficient, and directed Knight to file an amended motion.  Exh. C-58.  On November 12, 2008, Knight filed an amended Rule 3.850 motion.  Exh. C-62 (the "amended Rule 3.850 motion").  On November 17, 2008, Knight filed a supplement to this amended Rule 3.850 motion.  Exh. C-121. On December 1, 2008, the amended Rule 3.850 motion was dismissed without prejudice. Exh. C-129. On December 19, 2008, Knight filed a fourth Rule 3.850 motion.  Exh. C-131 (the "fourth Rule 3.850 motion").  On February 5, 2009, the fourth Rule 3.850 motion was dismissed without prejudice.  Exh. C-171.  On February 13, 2009, Knight filed a fifth Rule 3.850 motion.  Exh. D-1 (the "fifth Rule 3.850 motion").  On March 11, 2009, the post-conviction trial court entered an order summarily denying the fifth Rule 3.850 motion. Exh. D-26.

Petitioner appealed the summary denial of his fifth Rule 3.850 motion.  Exh. D-112.  The appellate court issued an order *per*

*curiam* affirming the trial court's denial of Petitioner's fifth Rule 3.850 motion. Exh. D-114; Knight v. State, 13 So.3d 486 (Fla. 5th DCA 2009). Knight's motion for rehearing was granted. Exh. D-132. The appellate court affirmed its denial of the fifth Rule 3.850 motion. Exh. D-154. Mandate issued on July 27, 2009. Exh. D-155.

After filing the instant Petition, Knight filed a sixth Rule 3.850 motion, Exh. E-1, which was dismissed as untimely by the post-conviction court. Exh. E-47. Knight appealed the dismissal of his sixth Rule 3.850 motion as untimely. Exh. E-63. On April 6, 2010, the appellate court *per curiam* affirmed. Knight v. State, 35 So.3d 38 (Fla. 5th DCA 2010). Mandate issued on April 14, 2010. Exh. E-102.

### III. Applicable Law

#### A.   One Year Limitations Period Expired

Petitioner filed his Petition <u>after</u> April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA.

Respondent seeks dismissal of the Petition as time-barred due to the Petitioner's failure to comply with the one-year period of

limitations as set forth in § 2244(d). <u>See</u> Response at 4. Section 2244 contains the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner's revocation of his probation became final on **Thursday, July 26, 2007.** Accordingly, AEDPA's one-year statute of limitations expired on **July 26, 2008.** Consequently, his Petition filed in this Court on **November 30, 2009,** would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2). See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted)(recognizing that limitations period should be calculated using the anniversary date of the triggering event).

Under § 2244(d)(2), the one-year period is tolled during the pendency of any "properly filed" state post-conviction proceeding. Petitioner did not file his first post-conviction motion -- a Rule 3.850 motion which was dismissed as legally insufficient until **August 21, 2008,** which was *after* the AEDPA time period expired. Thus, the Court need not determine whether the first Rule 3.850 motion was properly filed, because this proceeding did not toll the statute of limitations because the one-year period had already expired. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(stating "[a] state court filing after the federal habeas filing deadline does not revive it"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991 (2000)(stating "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that

period because there is no period remaining to be tolled"). Consequently, the Court finds that the Petition is untimely under § 2244(d).

**B.    Equitable Tolling**

Petitioner contends that he should be afforded the benefit of equitable tolling. Reply at 1-2.  In particular, Petitioner argues that the federal limitations period should be tolled for the duration of the time that Petitioner was being held in federal custody in Georgia – – from November 29, 1996 through January 14, 2008. Id. at 3, 12.  Petitioner claims that during this time he asked his State appointed counsel to "help with post-conviction proceedings" his counsel advised him that he "could only help him with matters concerning his direct appeal." Id. at 3.  Similarly, Petitioner was offered no help from his counsel in his federal proceedings because counsel was "not certified in Florida law." Id.  Petitioner alleges that he had "no access to courts or materials to file any court proceedings," while he was held in the federal detention facility in Georgia.  Id. at 12.

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in section 2244 is not a jurisdictional bar and equitable tolling may be appropriate in certain cases. Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2560 (2010).  To be entitled to equitable tolling, a petitioner must demonstrate that: (1) he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011). Thus, it is only when "extraordinary circumstances" have prevented an otherwise diligent petitioner form timely filing his petition that equitable tolling should be applied. Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999).

The law is well settled that an inmate's *pro se* status or lack of legal knowledge does not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. Rich v. Dep't of Corrs., 317 F. App'x 881, 883 (11th Cir. 2008)(finding *pro se* status and lack of understanding of legal process is not extraordinary circumstance); Helton v. Sec'y Dep't of Corrs., 259 F.3d 1310 (11th Cir. 2001)(finding that petitioner's misunderstanding of the law does not constitute extraordinary circumstances); Wakefield v. Railroad Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."); Garcia-Arrieta v. U.S., case

nos. 8:05-cv-385-T-17TBM, 8:11-cv-40-T-17TBM, 2011 WL 2563084 *3, n.1 (M.D. Fla. 2011)(collecting cases from various circuits).

Moreover, neither an alleged inadequate prison law library, nor limited access to the library establishes extraordinary circumstances warranting an equitable tolling of the limitation period. Helton, 259 F.3d at 1314 (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(rejecting petitioner's claim that his transfer to Colorado from Minnesota should entitle him to equitable tolling and noting that "Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). In Arthur v. Allen, 452 F.3d 1234 (11th Cir. 2006), the Eleventh Circuit, relying upon Helton, said that "[t]o show diligence, a petitioner claiming deficiencies in the prison library must provide details of the specific actions taken toward filing the petition." Id. at 1253 (citations omitted). In particular, the petitioner must show efforts to determine the limitations period and how the prison "thwarted his efforts." Id. (citations omitted).

Here, Petitioner's assertion that he could not file a post-conviction motion until he returned to Florida is wholly conclusory and lacks any support. Petitioner does not allege or provide any

evidience that he requested access to a law library, and was deprived of access to all legal materials while in federal custody. Nor does Petitioner provide any details of the specific actions he took toward timely filing his petition; he has not shown what efforts he took to determine the limitations period; and he has not shown how the federal prison "thwarted his efforts."

Further, Petitioner was present during his revocation hearing and the alleged shortcomings of defense counsel, upon which he bases his claims of ineffective assistance of counsel, were known to Petitioner at the conclusion of the proceeding. See McCleskey v. Zant, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a federal habeas petition).

Consequently, the reasons articulated by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. Accordingly, the Court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'" Drew v. Dep't of Corr., 297 F.3d 1278, 1291 n. 5 (11th Cir. 2002). Because Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to

equitably toll the statute, the Court will dismiss the Petition with prejudice as untimely.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED with prejudice** as untimely pursuant to § 2244(d).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __3rd__ day of August, 2011.

                                             /s/ John E. Steele
                                         JOHN E. STEELE
                                         United States District Judge

SA: hmk
Copies: All Parties of Record